```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

JOHN W. MINTER, ON BEHALF
OF THE WRONGFUL DEATH HEIRS
OF WILLIAM ROBERT MINTER                                PLAINTIFFS


VS.                         CIVIL ACTION NO. 3:09CV114TSL-JCS


SHOWCASE SYSTEMS, INC., GENERAL
CONVEYOR COMPANY, LTD., AND
MOONSTONE MECHANICAL                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant General Conveyor Company, Ltd. (General Conveyor) to dismiss for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff John Minter, on behalf of the wrongful death beneficiaries of William Robert Minter, has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes the motion should be denied.

Plaintiff John Minter, on behalf of the wrongful death beneficiaries of William Robert Minter, filed this action in the Circuit Court of Simpson County on January 30, 2009 seeking to recover damages for the death of William Robert Minter, who died on May 26, 2006 when he was crushed by a palletizer machine while working at the Real Pure bottling plant in Magee, Mississippi. Plaintiff named as defendants General Conveyor Company, which is

alleged to have manufactured the pallitizer machine, and Showcase Systems, Inc. and Moonstone Mechanical, which are alleged to have installed the machine.

At the time plaintiff filed his complaint on January 30, 2009, summons was issued by the state court for all defendants. On February 3, 2009, the complaint and summons were forwarded to General Conveyor via Federal Express to William A. Rickard, President of General Conveyor Company, LTD, and were received on February 4, 2009. General Conveyor responded with a letter sent by its attorney to plaintiff's counsel on February 9, demanding that General Conveyor be served with process through the Hague Convention.[1] Ultimately, this service was accomplished on April 29, 2009, after the case had been removed by Showcase Systems.

General Conveyor filed its motion to dismiss on May 19, 2009, asserting it was entitled to dismissal based on insufficiency of service of process because it had not properly been served with process in that it had not waived service of process under Federal Rule of Civil Procedure 4(d) and had not been properly served pursuant to the requirements of Rule 4(f). It contended, alternatively, that it was entitled to dismissal under Rule 12(b)(4) because, even if service of process was sufficient, the

---

[1] Pursuant to Federal Rule of Civil Procedure 4(f)(1), a plaintiff must serve a foreign corporation by an internationally agreed means of service, such as those authorized by the Hague Convention on Service Abroad.

process itself was insufficient because it was served subsequent to removal of this action and the summons and complaint served on it were not issued by this court but rather by the Circuit Court of Simpson County, Mississippi.  Finally, it argued that it is not subject to personal jurisdiction in this forum so that the case must be dismissed pursuant to Rule 12(b)(2).  Subsequent to the filing of its motion, General Conveyor withdrew that part of its motion seeking dismissal for insufficiency of service of process, and now acknowledges that it has been served with process which "seems to comply" with the requirements of Federal Rule of Civil Procedure 4(f)(1), which governs service on a foreign corporation.[2]  Further, the court is advised that the parties have agreed to reserve the issue of personal jurisdiction until after discovery has been completed.  Thus, the sole issue for consideration by the court at this time is whether the process served on General Conveyor is insufficient for the reason that the process served on General Conveyor, which was served post-removal, was issued by the Circuit Court of Simpson County, not by this court.

While the parties disagree as to the proper resolution of this issue, they agree that the issue is to be resolved by reference to 28 U.S.C. § 1448, which provides:

---

[2]  Although service was made on April 29, plaintiff did not file the return of service until May 28, 2009, after General Conveyor, through counsel, had filed the motion to dismiss.

3

> In all cases removed from any State court to any
> district court of the United States in which any one or
> more of the defendants has not been served with process
> or in which the service has not been perfected prior to
> removal, or in which process served proves to be
> defective, such process or service may be completed or
> new process issued in the same manner as in cases
> originally filed in such district court.

28 U.S.C. § 1448. In support of its contention that the process issued here by the state court prior to removal was ineffective after removal, General Conveyor relies on Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967), in which the court held that if a defendant has not been put on notice of a suit prior to removal, "the federal court cannot complete the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The state court process becomes null and void on the date the action is removed to federal court." Beecher, 381 F.2d at 373. A number of courts have likewise held, consistent with Beecher, that following removal, a defendant may not properly be served with process issued by a state court. For example, in Bruley v. Lincoln Property Co., N.C., Inc., 140 F.R.D. 452 (D. Colo. 1991), the court stated that while the plaintiff's proffered construction of § 1448 as permitting post-removal "completion" of service of state-issued process was plausible,

> I read § 1448 as permitting completion of service only
> in conformity with the federal rules. It is plain that
> the phrase "in the same manner ..." was meant to modify
> both the completion of service and the issuance of new
> process. Moreover, plaintiff's construction does not

4

> give effect to the well-settled rule that federal
> procedure governs after removal. See, Fed.R.Civ.P.
> 81(c),(federal rules govern procedure after removal).
> Thus, after removal a plaintiff must comply with the
> requirements of Fed.R.Civ.P. 4 as to any defendant not
> served before removal.
>
> Additionally, my holding furthers Rule 4's fundamental
> purpose to provide actual notice to a defendant. See
> e.g., Direct Mail Specialists v. Eclat Computerized
> Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988).
> Mere service of a state court summons and complaint on a
> defendant after removal by a co-defendant does not
> provide notice that the action is pending in federal
> court. Indeed, in this action, plaintiff made no
> attempt to notify Miller that the case had been removed.
> Therefore, plaintiff's service of process on Miller is
> defective and it is quashed.

Bruley, 140 F.R.D. at 454. See also Alexander Technologies, Inc. v. International Frontier Forwarders, Inc., No. Civ. A. H-05-2598, 2006 WL 3694517, 1 (S.D. Tex. Dec. 14, 2006) (holding that state citations served on three of the defendants were "ineffective to bring them within the jurisdiction of this Court because those citations were not served until after the case was removed to federal court"); Patterson v. Brown, Civil No. 3:06cv476, 2008 WL 219965, 4 (W.D.N.C. Jan. 24, 2008) ("Section 1448 indicates a philosophy that removed cases are to be handled substantially as though they had never been in a state court. Thus, when one of several defendants was not served prior to removal it has been held that there is no process to 'complete' and new process must be issued pursuant to Rule 4.")(citing 4A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1082 (3d ed. 2002)); Hakim v. Bay Sales Corp., Civil Action No. 06-6088 (JLL),

5

2007 WL 2752077, 2 (D.N.J. Sept. 17, 2007) ("Once Defendants filed the Notice of Removal in this Court, Plaintiffs were required to serve a summons on Hamade issued by this Court, not the New Jersey Superior Court.  Failure to do so results in the absence of jurisdiction over Hamade pursuant to 28 U.S.C. § 1448."); Dean Marketing, Inc. v. AOC Intern. (U.S.A.) Ltd., 610 F. Supp. 149, 152 (E.D. Mich. 1985) (holding that under § 1448, following removal, "service of process must be accomplished according to federal procedure," and thus the "plaintiff's attempted perfection of service of process after removal was ineffective where plaintiff mailed a *state* court summons rather than a summons issued by *federal* court to defendant AOC-Taiwan").

However, as plaintiff points out in his response, "[t]here is a conflict of authority on the issue whether state process issued but not served prior to removal retains any efficiency for further service after removal," 32 Am. Jur. 2d Federal Courts § 1463 (updated May 2009), and as many or more courts have rejected Beecher's interpretation of § 1448 and held that the statute "allow[s] service of process to be completed under state law where process was issued but not served prior to removal," see Spiritbank v. McCarty, No. 08-CV-675-CVE-PJC, 2009 WL 1158747, 2 (N.D. Okla. Apr. 22, 2009)(collecting cases in support of what court described concludes is "majority view appear[ing] to favor" post-removal completion of service initiated in state court).  For

6

example, in Listle v. Milwaukee County, 926 F. Supp. 826, 827-828 (E.D. Wis. 1996), the court stated,

> The Board's interpretation of 28 U.S.C. § 1448 invites the court to hold that 28 U.S.C. § 1448 requires a plaintiff who has not perfected service prior to removal to issue new process in accordance with Rule 4, Federal Rules of Civil Procedure. The problem I have with this interpretation of 28 U.S.C. § 1448 is that it gives no meaning to the phrase of the statute allowing "completion" of unperfected or defective process or service. The fact that the statute contemplates completion of service or process begun prior to removal conflicts with the Board's assertion that all service or process which is not perfected as of removal must be issued anew pursuant to Rule 4, Federal Rules of Civil Procedure. . . .
>
> I also reject the Board's argument as applied in the instant case because it improperly elevates form over substance. I believe that the Board was fully informed by the service made by the plaintiffs. The Board received actual notice of the complaint by the personal service on Mr. Amerell and of the removal as the Board and the County, which removed the action to federal court, are represented by the same counsel.
>
> In my opinion, the Board's service on Mr. Amerell was merely a continuation of the service it had attempted prior to removal. As such, I find that the Board was entitled under 28 U.S.C. § 1448 to complete state service of process. Accordingly, the completion of state service of process upon the Board after the County removed the case to this court was proper service of process pursuant to 28 U.S.C. § 1448.

Listle, 926 F. Supp. at 827-828. See also Spiritbank, 2009 WL 1158747, at 2 (rejecting Beecher and interpreting § 1448 as providing that "[w]here ... a defendant removes a case to federal court before a co-defendant has been served with state court process, section 1448 permits service to be 'completed.' This clearly indicates completion of the state procedure for

7

service."); Carden v. Wal-Mart Stores, Inc., 574 F. Supp. 2d 582, 587-588 (S.D. W. Va. 2008) ("When service of process in the State Court was not perfected or in conformity with State law and therefore was defective prior to removal, Section 1448 contemplates that the Plaintiff may (1) complete the process, ... or (2) obtain a Summons in the Federal Court to which the matter has been removed and serve it in accordance with the Federal Rules of Civil Procedure...."); Scott v. Union Pacific R. Co., No. 06-CV-4057, 2007 WL 215804, 1 (W.D. Ark. Jan. 25, 2007) (as defendant had not been served with process when case was removed, "Plaintiffs had the option of completing service of process upon [him] according to the Arkansas Rules of Civil Procedure or commencing new service pursuant to Fed.R.Civ.P. 4"); Reed v. City of Cleveland, No. 1:04CV0546, 2006 WL 3861082, 8 (N.D. Ohio Sept. 6, 2006) (finding that post-removal service of process issued by state court was proper since § 1448 "allows for service of process pursuant to state rule if the process was begun prior to removal"); Schmude v. Sheahan, 214 F.R.D. 487 (N.D. Ill. 2003) ("After removal, a plaintiff has two options for providing proper service of process: (1) service pursuant to Rule 4; or (2) service pursuant to state court rules if the plaintiff commenced such service prior to the removal. ... Interpreting § 1448 in any other way holds contrary to the explicit wording of the statute.").

This court has found no Fifth Circuit case construing § 1448 in this context, or in any context that might give an indication as to how it would interpret the statute.³ The only circuit that has directly addressed this issue is the Ninth Circuit, which issued Beecher, and the district courts are obviously divided, with apparently a slight majority favoring an interpretation that would recognize the efficacy of post-removal service of state-issued process in this context.⁴ This court finds the reasoning behind this interpretation more persuasive. Again, the statute states that in all removed cases in which any one or more of the defendants has not been served with process, *"such process or service,"* which can only be referring to process issued by the

---

³ In Allman v. Hanley, the court stated that "[u]pon the filing of a proper petition for removal and upon compliance with the applicable statutes, the state court loses jurisdiction and all further process must issue from the Federal court." 302 F.2d 559, 562 (5th Cir. 1962) (citing 28 U.S.C. § 1446(e) and 1447(a) and Federal Rule of Civil Procedure Rule 81( c)). However, Allman involved a plaintiff's service of process that was issued by a state court for one defendant after his two co-defendants had filed their notice of removal, and in fact, such process was issued after the federal court had even denied a motion by the plaintiff to remand. Allman did not even cite, much less purport to interpret § 1448, and it did not involve the post-removal "completion" of process issued by a state court prior to removal. Allman thus provides no guidance to the court herein.

⁴ Notably, a subsequent Ninth Circuit panel observed that the language of § 1448 appears to support the argument that it allows for post-removal completion of service of process issued by a state court, but that panel concluded that it was bound by its precedent, namely Beecher, which holds otherwise. See Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988).

9

state court, "may be *completed* or new process issued," thus clearly providing two alternatives. If in all cases in which a defendant was not served prior to removal, service could only be validly accomplished post-removal by having "new process issued" by the federal court, then the phrase "may be completed" would be meaningless. The court rejects such an interpretation. The court thus concludes that the completion of state service of process upon General Conveyor following removal to this court was proper service of process pursuant to 28 U.S.C. § 1448.

It is, therefore, ordered that General Conveyor's motion to dismiss for insufficiency of process is denied. In further recognition of the apparent agreement of the parties, it is ordered that General Conveyor's motion to dismiss for lack of jurisdiction is held in abeyance pending discovery on the issue of personal jurisdiction. The parties shall apprise the court upon the completion of such discovery, at which time the court will establish a briefing schedule for the presentation of the issue, if at that time General Conveyor persists in its assertion of this defense.

SO ORDERED this 30th day of June, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE