IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN W. MINTER, ON BEHALF                                              PLAINTIFFS
OF THE WRONGFUL DEATH HEIRS
OF WILLIAM ROBERT MINTER

VS.                                              CIVIL ACTION NO. 3:09CV114TSL-FKB

SHOWCASE SYSTEMS, INC., GENERAL                                        DEFENDANTS
CONVEYOR COMPANY, LTD., AND
MOONSTONE MECHANICAL

REPORT AND RECOMMENDATION

An order of referral having been entered on May 14, 2010 (Docket No. 150), the Motion Of Moonstone Mechanical Inc. To Enforce Settlement; Or, In The Alternative, To Set Aside Order Of Dismissal And Reset Deadlines (Docket No. 147) is now before the undersigned. The Plaintiff, John W. Minter, on behalf of the wrongful death heirs of William Robert Minter, has filed a response (Docket No. 152) and a supplemental response (Docket No. 153) in opposition to the motion, and Defendant Moonstone Mechanical Inc. ("MMI") has filed a rebuttal (Docket No. 155) and amendment to rebuttal (Docket No. 156) in further support of its motion. Having heard argument of counsel during a status conference on June 3, 2010, and having reviewed and considered the parties' submissions, the undersigned recommends that the motion to enforce settlement be denied and that the motion to set aside the order of dismissal and reset deadlines be granted.

In its motion, MMI moves the court to enforce what it contends to be a "Settlement Agreement as reflected in [an] email chain attached as Exhibit 'B'" to its motion. But, given

1

MMI's own admissions in its motion, the undersigned finds that the "email chain" does not reflect a binding or enforceable settlement agreement between MMI and the Plaintiff.

The "email chain" is comprised of emails exchanged between MMI's counsel, Plaintiff's counsel and counsel for Defendant General Conveyor Company, Ltd. (General Conveyor). Specifically, the emails submitted by MMI which may purport to constitute a settlement agreement between MMI and the Plaintiff are an April 20, 2010 email sent by Plaintiff's counsel at 10:50 a.m. and an April 20, 2010 email sent in response by MMI's counsel at 1:12 p.m.

The email sent by Plaintiff's counsel on April 20, 2010, at 10:50 a.m. states:

> The Minters are in agreement with the terms set out in [MMI counsel's] email to us of 4/16/10[1] with the added agreement that the funds and the settlement documents, along with the affidavit from an MMI officer that they have no insurance that they claim provides coverage for the allegations in the complaint, will be delivered to me no later than 5/4/10. Please indicate your agreement by return email. Thanks.

In response, MMI's counsel sent an email on April 20, 2010, at 1:12 p.m. stating, "We agree." This email from MMI's counsel also asked, "Is it ok if we notify the court of a tentative settlement so everything can be stayed pending consummation?"; and, by email on April 20, 2010, at 1:15 p.m., Plaintiff's counsel responded, "yes."

By MMI's own admission in its motion, MMI has not provided and cannot provide an "affidavit from an MMI officer that they have no insurance that they claim provides coverage for the allegations in the complaint," which is clearly a condition of Plaintiff counsel's email counteroffer quoted above. MMI asserts that it cannot provide such an affidavit due to the fact

---

[1] MMI counsel's email of 4/16/10 memorialized that MMI had rejected the dollar amount of Plaintiff's latest offer and that MMI had made a counteroffer in a lower dollar amount on behalf of MMI and General Conveyor. The 4/16/10 email from MMI's counsel states, "if this offer is accepted, it must result in a dismissal with prejudice of this litigation...," and sets forth numerous other terms of the proposed settlement under the counteroffer.

that it has filed a lawsuit, which is presently pending in Canada, in relation to its liability insurance carrier's denial of coverage for the Plaintiff's allegations in this case. MMI's counsel admits in the motion that he "should not have agreed to that condition" of Plaintiff's counteroffer and that "it was a mistake to do so...."

Despite the fact that, by its own admission, MMI cannot perform an explicit condition of the Plaintiff's counteroffer, MMI contends that this court should nonetheless find and enforce a "settlement agreement" between MMI and the Plaintiff. However, the exhibits offered in support of MMI's motion unequivocally establish that, without satisfaction of the condition that MMI provide an affidavit that it has "no insurance that they claim provides coverage for the allegations in the complaint," there was no settlement agreement between MMI and the Plaintiff.

Essentially, in its motion, MMI asks this court to enforce settlement terms which it wants (mainly, a monetary amount) and ignore a term which the Plaintiff made an explicit condition of his counteroffer. Mississippi law provides, "[c]ourts will not rewrite [settlement agreements] to satisfy the desires of either party," *Chantey Music Publishing, Inc. V. Malaco, Inc.*, 915 So.2d 1052, 1056 (Miss. 2005), and this court declines MMI's invitation to engage in such one-sided application of the email counteroffers exchanged between counsel for MMI and the Plaintiff.

MMI further argues that the court should find and enforce a settlement agreement, since "[t]he parties reached an agreement on an amount with knowledge of the identity of MMI's liability carrier, that there was an insurance policy, that a claim had been made under the policy, that coverage had been denied, that MMI was paying for its defense and that MMI was funding the settlement." However, as stated by the Plaintiff, MMI "misse[s] the point...that Plaintiff did not know...that MMI did not agree with the denial of coverage and was continuing to make a

3

claim for coverage" through litigation in Canada.[2] The undersigned agrees with the Plaintiff.

For obvious reasons, whether MMI has insurance coverage for the Plaintiff's claims asserted in this case would be a significant and material consideration of the Plaintiff during settlement negotiations, and the Plaintiff's demand for the affidavit as a condition of the settlement was obviously made to address this material issue.[3] Therefore, the condition of the affidavit was an important and material part of the Plaintiff's counteroffer and proposed settlement.

Given the Plaintiff's lack of knowledge as to the present status of MMI's claim for coverage, the condition of the affidavit becomes even more significant and material. In its disclosures and an interrogatory response, MMI stated that "its claim for insurance coverage ...[for the subject incident] has been denied."[4] However, MMI did not disclose (and the Plaintiff did not know) that MMI disagreed with the denial and is presently suing its carrier for coverage, until after the Plaintiff's counteroffer in which he made the affidavit a condition of settlement. In

---

[2] The fact that, at the time of the settlement negotiations, the Plaintiff did not know about MMI's litigation in Canada against its insurer is undisputed, as MMI states in its rebuttal that it "does not dispute the truth of this statement."

[3] The importance and materiality of the insurance coverage issue (and, thus, the affidavit condition) can also be seen from an email submitted in support of MMI's motion which shows that the Plaintiff was negotiating a settlement on the premise that MMI has no insurance coverage. In an April 16, 2010 email submitted as Exhibit "A" to the motion, Plaintiff's counsel advised MMI's counsel that he "want[ed] to be able to give [MMI's counsel] a number to just let MMI out" of the case. However, in order to let MMI out, Plaintiff's counsel requested that MMI's counsel "provide [him]...confirmation of [MMI's] financial condition[.]" As explained by Plaintiff's counsel, "if we are going to accept a lower figure from [MMI] than maybe what I think the proof calls for then I do need some degree of comfort that they are financially strapped."

[4] MMI was insured under a commercial general liability policy issued by Co-operators General Insurance Company. According to the declarations page of the policy (which is attached as Exhibit "A" to Plaintiff's supplemental response, Docket No. 153), the bodily injury limit is $2,000,000.

fact, the Plaintiff's requirement for this affidavit was the very means by which he ultimately discovered the Canadian coverage litigation, MMI's position in the Canadian case that it has coverage, and that MMI may, in fact, have coverage for the Plaintiff's claims in this case.

Clearly, the condition of the affidavit was an important and material part of the Plaintiff's counteroffer, and no settlement agreement exists without this material condition being satisfied. By its own admission, MMI cannot satisfy this material condition; and, therefore, there is no binding or enforceable settlement agreement between MMI and the Plaintiff.

In addition, MMI contends that the Plaintiff had "ample opportunities to conduct... discovery" on the coverage issue and that he is "responsible for his failure to learn more about MMI's insurance coverage." The undersigned agrees that, during the discovery period in this case, the Plaintiff could have conducted further and more extensive discovery with respect to MMI's insurance policy and claim for coverage. But, this does not change the fact that the Plaintiff included as an explicit condition of settlement that MMI provide an affidavit that it has "no insurance that they claim provides coverage for the allegations in the complaint," a condition which MMI admits it cannot meet.

Accordingly, the undersigned recommends that MMI's motion to enforce the settlement be denied. The undersigned further recommends that MMI's alternative motion be granted to the extent that the Order of Dismissal (Docket No. 146) should be set aside and a new dispositive motion deadline of June 25, 2010 be established.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds

5

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      RESPECTFULLY SUBMITTED, this the 8th day of June, 2010.

                                  <u>/s/ F. Keith Ball</u>
                                  UNITED STATES MAGISTRATE JUDGE